IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TERESA ANN PULLIAM )
)
v. ) NO. 3:12-1212
)
TENNESSEE DEPARTMENT )
OF CORRECTION, et al. )


TO: Honorable Todd J. Campbell, District Judge


**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered January 8, 2013 (Docket Entry No. 6), this civil action was referred to the Magistrate Judge for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 (b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

The plaintiff filed this action pro se and in forma pauperis on November 19, 2012, against the Tennessee Department of Correction and Morgan County asserting claims of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. In the order of referral, the Clerk was directed to send the plaintiff service packets (a blank summons and USM 285 form) for the named defendants, which the plaintiff was directed to complete and return within twenty (20) days of receipt of the Order. The record in this action indicates that service packets were sent to the plaintiff by regular and certified mail, and there is no indication in the record that the service packets were returned to the Court as undeliverable. To date, the plaintiff has not returned completed service packets to the Court, has not shown that the defendants have been served

with process, and has not responded in any manner to the January 8, 2013, Order. The record in the action indicates that the plaintiff has had no contact with the Court since the filing of his complaint.[1]

It is well settled that Federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980). The plaintiff's failure to return service packets for the defendants as directed by the Court, as well as her failure to respond to the Court's prior show cause order, evidence a lack of interest in prosecuting this action and a disregard of the orders of the Court. Further, the action cannot proceed in the absence of returned service packets from the plaintiff. Given the plaintiff's apparent lack of interest in the action and her failure to take the steps necessary to serve the defendants with process or prosecute the action in any manner, the Court finds that dismissal of the action is warranted.

### RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written

---

[1] Although the Court, in the January 8, 2013, Order, found that the action was timely filed, the Court notes that the plaintiff did not respond in any manner to a show cause order entered November 27, 2012 (Docket Entry No. 3), on the issue of the timeliness of the action.

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge